IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01489-REB-KLM

MOTOR WORKS DENVER, LTD., registered trade name for Tennis Associates, Inc., a Colorado corporation, and
ROGER SCOTT DELUISE,

    Plaintiffs,

v.

AEROSONIC CORPORATION, and
OP TECHNOLOGIES, INC.,

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Unopposed Motion to Stay Case Deadlines** [Docket No. 27; Filed November 19, 2012] (the "Motion"). Defendants seek a stay of the discovery and other deadlines pending a ruling on their Motions to Dismiss [#9, #13]. Defendants explain that the motions raise personal jurisdiction and statute of limitations defenses which could, if granted, result in a complete dismissal of both Defendants. Additionally, Defendants explain that they are currently participating in good faith settlement negotiations and that their resources would be better spent on these settlement efforts. Defendants represent that Plaintiffs do not oppose the Motion.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June

6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in

-3-

either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, Plaintiff does not oppose the Motion and thus does not allege that any prejudice will result from the stay. Because this case was just filed approximately six months ago, the Court finds that imposing a stay of discovery and other deadlines at this stage would not cause undue prejudice to Plaintiff.

With regard to the second factor, Defendant explains that a stay will prevent it from expending time and money on discovery that may prove to be unnecessary. The Court agrees that proceeding with the discovery process under these circumstances presents a significant burden and finds that the second factor weighs in favor of granting a stay.

With regard to the third factor, it is certainly more convenient for the Court to grant the stay of discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (Staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]."). Thus, the third factor weighs in favor of granting a stay.

With regard to the fourth factor, no nonparties with significant particularized interests in this case have been identified. The Court therefore finds that absent any specific nonparty interests that would be affected, the fourth factor neither weighs in favor of nor against granting a stay.

With regard to the fifth and final factor, the Court finds that the public's primary

interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth factor weighs in favor of granting a stay.

Weighing the relevant factors, the Court finds that a stay of proceedings is warranted in light of the pending Motions to Dismiss [#9, #13] which would, if granted, resolve the entire case. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#27] is **GRANTED**.

IT IS FURTHER **ORDERED** that all disclosure and discovery are **STAYED** pending resolution of the Motions to Dismiss [#9, #13].

DATED: November 20, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge